IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Leah Greco, individually and on behalf of all others similarly situated, | |
| Plaintiff, | 5:21-cv-562 (FJS/ATB) |
| - against - | Class Action Complaint |
| Moran Foods, LLC, | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Moran Foods, LLC ("defendant") manufactures, markets, labels and sells Classic Roast (Medium) Ground Coffee under the "McDaniel's Coffee Co." brand in cans of 30.5 oz (864g), which claims it "MAKES UP TO 240 6 FL OZ CUPS" of coffee ("Product").



2. The side panel describes the high quality of the Product.

McDaniel's coffee is not the same old grind. 100% Pure Coffee with no artificial flavors, colors or preservatives. Our beans are roasted to perfection to assure a consistently delicious cup of coffee every time.



3. The side panel also contains provides directions for use.



**BREWING INSTRUCTIONS:**

For best results, use one rounded tablespoon of coffee for each 6oz cup of water. Adjust these measurements to suit your taste. After opening, replace lid and store in a cool, dry place to preserve freshness.

4. However, the representation that the Product "MAKES UP TO 240 6 FL OZ CUPS" of coffee is false, deceptive and misleading.

5. When consumers follow the Product's directions for use, they will not be able to brew anywhere close to 240 cups. The Product are not capable of brewing anywhere close to 79 and 76 servings.

6. Independent laboratory analysis determined that the Product can only make 137 cups of coffee, over one hundred less than promised.

7. This means that the Product delivers forty-three percent fewer cups of coffee than promised on the label and what consumers paid for.

8. When advertisers use qualifying terms such as "Makes Up To," it is misleading where the label number is substantially greater than the actual number, because consumers will expect the target number is "in the ballpark" of the actual number, even if it is not exact.

9. Through the statement, "Makes Up To 240 6 FL OZ CUPS," reasonable consumers will expect either 240 cups or at most, several cups less than 240, i.e., 230 cups.

10. No reasonable consumer will expect the number of cups is closer to 130 than 230.

11. Reasonable consumers must and do rely on a company to honestly identify and describe the components and features of the Product, relative to itself and other comparable products.

12. Defendant sold more of the Product and at a higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

13. Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

14. Plaintiff paid more for the Product based on the representations than she would have otherwise paid.

15. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than no less than $2.99 for 30.5 OZ (864g), excluding tax, higher than similar products represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## Jurisdiction and Venue

16. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

17. Plaintiff Leah Greco is a citizen of New York.

18. Defendant Moran Foods, LLC is a Missouri limited liability company with a principal place of business in Saint Ann, Saint Louis County, Missouri and upon information and belief, at least one member of defendant is not a citizen of the same state as the plaintiff.

19. Diversity exists because plaintiff Leah Greco and defendant are citizens of different states.

20. Upon information and belief, sales of the Product and any available statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

21. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – the purchase of plaintiff and her experiences identified here.

## Parties

22. Plaintiff Leah Greco is a citizen of Syracuse, Onondaga County, New York.

23. Defendant Moran Foods, LLC is a Missouri limited liability company with a principal place of business in Saint Ann, Missouri, Saint Louis County. and upon information and belief, at least one member of defendant is not a citizen of the same state as the plaintiff.

24. Defendant owns, operates and controls the Save-A-Lot grocery store chain.

25. Save-A-Lot is one of the leading discount grocery, with over thirteen hundred stores throughout the United States.

26. Defendant's business model is based on deep discounts on national brand items,

4

along with a high percentage of private label products.

27. "Private label" is another term for "store brand," where a retailer will contract with a manufacturer to produce a product but use branding of the retailer.

28. In the past, store brands were considered lower quality than national brands.

29. However, the past decade has seen a marked increase in private label products, as consumers seek to cut costs but still buy high quality goods.

30. Defendant's private label products are equivalent or exceed the quality of national brands, due to intentionally no-frills shopping experience and hard negotiating with suppliers.

31. This results in savings passed along to consumers in the form of lower prices.

32. Defendant's private label coffee is sold under its "McDaniel's Coffee Co." brand in its 1,300 stores.

33. Plaintiff purchased the Product on at least one occasion within the statutes of limitations for each cause of action, including in 2021, at Save-A-Lot locations including 500 Butternut Street, Syracuse NY 13208.

34. Plaintiff bought the Product because she expected it would make 240 six-ounce cups of coffee or slightly less, i.e., 230 cups.

35. Plaintiff did not expect to receive over one hundred cups less of coffee.

36. The Product was worth less than what Plaintiff and consumers paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

37. Plaintiff paid more for the Product than she would have paid otherwise.

38. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations about its components and ingredients are consistent with its representations.

<u>Class Allegations</u>

39. The class will consist of all purchasers of the Product who reside in Illinois during the applicable statutes of limitations.

40. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

41. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

42. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

43. Plaintiff is an adequate representative because her interests do not conflict with other members.

44. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

45. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

46. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

47. Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350</u>

<u>(Consumer Protection Statute)</u>

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Plaintiff and class members desired to purchase a product which could make the number of cups promised on the label, or slightly less than this number.

50. Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

51. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

52. Plaintiff relied on the representations.

53. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

54. The Product was manufactured, labeled and sold by defendant and expressly and impliedly warranted to plaintiff and class members that it could make the number of cups promised on the label, or slightly less than this number.

55. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

56. This duty is based on Defendant's outsized role in the market for this type of Product.

57. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

58. Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices over the past several years.

59. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

60. Plaintiff and class members would not have purchased the Product or paid as much

if the true facts had been known, suffering damages.

## Negligent Misrepresentation

61. Defendant had a duty to truthfully represent the Product, which it breached.

62. This duty is based on defendant's position, holding itself out as having special knowledge and experience this area – a trusted discount retailer, watching out for the bottom-line of consumers.

63. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant.

64. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchases of the Product.

65. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Fraud

66. Defendant misrepresented and/or omitted the attributes and qualities of the Product.

67. Defendant's fraudulent intent is evinced by its knowledge that the number of cups was substantially less than the amount stated, but used the "disclaimer" of "Makes Up To" to avoid telling the whole truth.

## Unjust Enrichment

68. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   May 15, 2021

                                                        Respectfully submitted,

                                                        Sheehan & Associates, P.C.
                                                        /s/Spencer Sheehan
                                                        Bar Roll # 519087
                                                        60 Cuttermill Rd Ste 409
                                                        Great Neck NY 11021-3104
                                                        Tel: (516) 268-7080
                                                        Fax: (516) 234-7800
                                                        spencer@spencersheehan.com

                                                        Joel Oster
                                                        Of Counsel
                                                        Law Office of Howard W. Rubinstein
                                                        1281 N Ocean Dr Ste 198
                                                        Singer Island, FL 33404

Tel: (832) 715-2788
Fax: (561) 688-0630
howardr@pdq.net
*Pro Hac Vice* Motion Forthcoming

Case 5:21-cv-00562-FJS-ATB   Document 1   Filed 05/15/21   Page 10 of 10